UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

BONNIE CROSS,

                    Plaintiff,

                                      **Hon. Hugh B. Scott**

                    v.                               **15CV878A**

                                        **Report
and
Recommendation**

CAROLYN W. COLVIN, Acting
Commissioner of Social Security[1],

                    Defendant.

Before the Court are the parties' respective motions for judgment on the pleadings (Docket Nos. 10 (plaintiff), 13 (defendant Commissioner)).

## INTRODUCTION

This is an action brought pursuant to 42 U.S.C. § 405(g) to review the final determination of the Commissioner of Social Security that plaintiff is not disabled and, therefore, is not entitled to disability insurance benefits and/or Supplemental Security Income benefits.

## PROCEDURAL BACKGROUND

The plaintiff ("Bonnie Cross" or "plaintiff") filed an application for disability insurance benefits on October 18, 2012. That application was denied initially and on reconsideration. The plaintiff appeared before an Administrative Law Judge ("ALJ"), who considered the case de novo and concluded, in a written decision dated May 12, 2014, that the plaintiff was not disabled within

---

[1]On February 14, 2013, Carolyn W. Colvin became acting Commissioner of Social Security. Pursuant to Federal Rule of Civil Procedure 25(d), Ms. Colvin is substituted for the now former Commissioner Michael Astrue as Defendant in this action; no further action is required, 42 U.S.C. § 405(g).

the meaning of the Social Security Act.  The ALJ's decision became the final decision of the Commissioner on August 28, 2015, when the Appeals Council denied plaintiff's request for review.

Plaintiff commenced this action on October 6, 2015 (Docket No. 1).  The parties moved for judgment on the pleadings (Docket Nos. 10, 13).  The motions were deemed submitted on June 7, 2016 (Docket No. 12.

## FACTUAL BACKGROUND[2]

Plaintiff was born on January 21, 1962, and has a high school education (R. 20, 193; Docket No. 10, Pl. Memo. at 2).  She had no past relevant work (R. 20) since she had sub-substantial gainful activity level of earning from 1995 to 2003 (when she claimed onset of her disability) (R. 163; Docket No. 10, Pl. Memo. at 2).  Since graduating from high school she worked as a cafeteria cook, bus monitor, and a cook/delivery driver (R. 182; Docket No. 10, Pl. Memo. at 2).

## MEDICAL AND VOCATIONAL EVIDENCE

Plaintiff claims an onset date of May 2, 2003, when she injured her back in a work-related accident (R. 17).  She claims impairment of back pain, high blood pressure, herniated disk (possible L4 and L5), GERD, and arthritis (R. 18).  ALJ deemed severe plaintiff's lumbosacral disogenic radiculopathy due to disk herniation, degenerative disk disease and spondylosis, sacroiliac joint region pain dysfunction and lumbosacral facet joint pain disorder (R. 16-17).  The ALJ found that plaintiff's claimed hypertension was not a severe impairment (R. 17), as well her claimed gastroesophageal reflux disease (GERD) was found not to be severe (R. 17).  The ALJ

---

[2]References noted as "(R.__)" are to the certified record of the administrative proceedings, Docket No. 7.

then evaluated plaintiff's obesity (65 inches tall, weighing 189 pounds[3]) and deemed it not to be severe (R. 17).  Plaintiff's depression was not medically determinable condition (R. 17).  None of the severe impairments for plaintiff's back symptoms were found by the ALJ to meet or equal the Social Security regulatory listing, 20 C.F.R. part 404, subpart P, App'x 1, Listing 1.04A, disorders of the spine (R. 17).

The ALJ found that plaintiff had a residual functional capacity to perform light work, except plaintiff must change positions briefly for 1-2 minutes at least every ½ hour; her work should not require the use of ladders, ropes, or scaffolds; she could do no more than occasional balancing or stooping.  The ALJ further found that plaintiff should not kneel, crouch, or crawl; she should not work at heights or around dangerous moving machinery; and she should not perform work requiring the use of foot pedals.  (R. 17-18.)  The ALJ also found that plaintiff's allegation that she was totally disabled was not totally credible since that allegation was not consistent with the medical record and given the infrequency plaintiff sought treatment (R. 19-20).

The ALJ then sought the opinion of vocational expert Rachel Duchon on the extent of plaintiff's limitations would have on her ability to perform unskilled light work; Duchon found that a hypothetical person in plaintiff's state could work ticket taker (light work), office helper (light), marking clerk (light) (R. 21, 56-57).  The ALJ concluded that plaintiff was not disabled (R. 21).

## DISCUSSION

The only issue to be determined by this Court is whether the ALJ's decision that the plaintiff was not under a disability is supported by substantial evidence.  See 42 U.S.C. § 405(g); Rivera v. Sullivan, 923 F.2d 964, 967 (2d Cir. 1991).  Substantial evidence is defined as "'more

---

[3]Body Mass Index of 31.5, or obese.

than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. National Labor Relations Bd., 305 U.S. 197, 229 (1938)).

*Standard*

For purposes of both Social Security Insurance and disability insurance benefits, a person is disabled when unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A) & 1382c(a)(3)(A).

Such a disability will be found to exist only if an individual's "physical or mental impairment or impairments are of such severity that [he or she] is not only unable to do [his or her] previous work but cannot, considering [his or her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. §§ 423(d)(2)(A) & 1382c(a)(3)(B).

The plaintiff bears the initial burden of showing that the impairment prevents the claimant from returning to his or her previous type of employment. Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982). Once this burden has been met, "the burden shifts to the [Commissioner] to prove the existence of alternative substantial gainful work which exists in the national economy and which the plaintiff could perform." Id.; see also Dumas v. Schweiker, 712 F.2d 1545, 1551 (2d Cir. 1983); Parker v. Harris, 626 F.2d 225, 231 (2d Cir. 1980).

In order to determine whether the plaintiff is suffering from a disability, the ALJ must employ a five-step inquiry:

> (1) whether the plaintiff is currently working;

>   (2) whether the plaintiff suffers from a severe impairment;
>
>   (3) whether the impairment is listed in Appendix 1 of the relevant regulations;
>
>   (4) whether the impairment prevents the plaintiff from continuing past relevant work; and
>
>   (5) whether the impairment prevents the plaintiff from doing any kind of work.

20 C.F.R. §§ 404.1520 & 416.920; Berry, supra, 675 F.2d at 467. If a plaintiff is found to be either disabled or not disabled at any step in this sequential inquiry, the ALJ's review ends. 20 C.F.R. §§ 404.1520(a) & 416.920(a); Musgrave v. Sullivan, 966 F.2d 1371, 1374 (10th Cir. 1992). However, it should be noted that the ALJ has an affirmative duty to fully develop the record. Gold v. Secretary, 463 F.2d 38, 43 (2d Cir. 1972).

In order to determine whether an admitted impairment prevents a claimant from performing past work, the ALJ is required to review the plaintiff's residual functional capacity and the physical and mental demands of the work that has done in the past. 20 C.F.R. §§ 404.1520(e) & 416.920(e). When the plaintiff's impairment is a mental one, special "care must be taken to obtain a precise description of the particular job duties which are likely to produce tension and anxiety, e.g. speed, precision, complexity of tasks, independent judgments, working with other people, etc., in order to determine if the claimant's mental impairment is compatible with the performance of such work." See Social Security Ruling 82-62 (1982); Washington v. Shalala, 37 F.3d 1437, 1442 (10th Cir. 1994). The ALJ must then determine the individual's ability to return to past relevant work given the claimant's residual functional capacity. Washington, supra, 37 F.3d at 1442.

5

*Application*

In the instant case, plaintiff contends that the ALJ did not ask for a treating source statement, hence erroneously found plaintiff could perform light work and not merely sedentary work (Docket No. 10, Pl. Memo. at 1, 9-12). She argues that the ALJ fails to explain how consultative examiner Dr. Samuel Balderman's assessment (R. 284) of "moderate" impairments in lifting, prolonged standing, and prolonged sitting (R. 286, 20)—a finding given great weight by the ALJ (R. 20)—were accommodated by his RFC of reduced range of light work (Docket No. 10, Pl. Memo. at 12-13). She next contends that the ALJ should have obtained treating source evidence if interpreting Dr. Balderman's "vague opinion," (id. at 13, 13-15).

Defendant counters that the record supports the ALJ's decision, that the burden was upon plaintiff to prove functional limitations, and that the consultative examiner's opinion can be substantial evidence to support the ALJ's findings (Docket No. 13, Def. Memo. at 11, 12), Mongeur v. Heckler, 722 F.2d 1033, 1039 (2d Cir. 1983). Defendant emphasized that plaintiff sought little treatment for her lower back (and did not seek any treatment as of the date of decision and had not taken prescription medication since onset date) and the conservative treatment she received reduced her lumbar pain and restrictions (id. at 13; R. 18-19, 20, 229, 235, 335, 180).

I.   Consultative Examiner's Evaluation

Plaintiff contends that the ALJ erred in finding that she could perform light work rather than sedentary work (id. at 9-10; see id. at 9 n.1, 10 n.2 (quoting Social Security regulations defining "sedentary work," ability to lift no more than 10 pounds, and "light work," ability to lift 20 pounds at a time, with frequent lifting of up to 10 pounds)), see 20 C.F.R. § 404.1567(a), (b); SSR 83-10. If a claimant is found to be able to perform light work, the Commissioner also

determines whether that person can perform sedentary work (absent other limiting factors such as loss of dexterity or inability to sit for long periods), 20 C.F.R. § 404.1567(b).

The one medical opinion in this record was from Dr. Balderman, who found that plaintiff had moderate limitations in repetitive bending, lifting, prolonged standing, or prolonged sitting due to her sciatica (R. 286). Plaintiff argues that the ALJ erred in failing to explain how Dr. Balderman's opinion that plaintiff had "moderate" impairment became justification for finding that she could perform light work rather than sedentary work (Docket No. 10, Pl. Memo. at 11), since "moderate" can be seen as a vague term (id. at 12, see Curry v. Apfel, 209 F.3d 117, 123-24 (2d Cir. 2000); Selian v. Astrue, 708 F.3d 409, 421 (2d Cir. 2013)); but see Harrington v. Colvin, No. 14CV6044, 2015 U.S. Dist. LEXIS 22357 at *36-39 (W.D.N.Y. Feb. 25, 2015) (Payson, Mag. J.). She argues that the ALJ had to explain how a "moderate" limitations finding is consistent with light work (id.), see Carroll v. Colvin, No. 13CV456, 2014 U.S. Dist. LEXIS 88819, at *11 (W.D.N.Y. June 30, 2014) (Skretny, Ch.J.). In Carroll, supra, then-Chief Judge Skretny noted that Dr. Balderman's finding in that case was not a "clean bill of health" as suggested by the ALJ, that the doctor found that claimant had moderate limitations in the ability to prolonged sitting or standing were inconsistent with finding that claimant could perform light work, id. at *9.

While district courts differ whether light or sedentary work can be performed where a doctor notes "moderate" limitations, see, e.g., id. at *10-11 (citing cases, limitations in prolonged sitting or standing) (see also Docket No. 13, Def. Memo. at 14), courts (including this one, Carroll, supra) require the ALJ "to discuss and provide reasons tending to support the finding that, despite the moderate limitations . . . [claimant] could still perform light work," id. at *11. In Carroll, Judge Skretny granted claimant's motion for judgment on the pleadings and denied defendant

Commissioner judgment on the pleadings to remand to analyze other medical evidence and opinions beyond Dr. Balderman, id. at *11, 13-14.

As in Carroll, the ALJ here has not explained how Dr. Balderman's opinion of "moderate" limitation justified plaintiff being deemed to be able to perform the slightly more strenuous standard of light work.   Defendant cites some cases where a moderate limitation opinion has justified a determination that a claimant could perform sedentary or light work, e.g., Carpenter v. Astrue, No. 09CV79, 2010 U.S. Dist. LEXIS 60418, at *14 (W.D.N.Y. June 18, 2010) (Arcara, J.) (Docket No. 13, Def. Memo. at 14).   But these cases do not distinguish the different levels of effort required for light work as opposed to sedentary work.   As construed by the parties and the ALJ, Dr. Balderman's opinion of "moderate" limitations can be taken in two different ways; the ALJ needed to discuss what compelled the finding that, despite her moderate limitations, plaintiff could nevertheless perform light work as opposed to sedentary work.   For this reason, this matter should be **remanded** for further proceedings.

II.    Necessity for Treating Source Opinion

Alternatively, plaintiff also argues that the ALJ erred in not seeking additional treating source evidence beyond the consultative evaluation by Dr. Balderman (Docket No. 10, Pl. Memo. at 11, 13-14).   As defendant argues, the ALJ here relied upon the entire medical record and did not need to supplement this record with treating source opinion (see Docket No. 13, Def. Memo. at 16-19).

Plaintiff since the onset of her ailments, however, minimally sought treatment (see id. at 13) and there were no treating source opinions (id. at 12) and plaintiff admits that her treating physician, Dr. Kirsch, kept only cursory notes without recording examination findings (Docket

No. 10, Pl. Memo. at 14), thus resort to treating sources may be difficult or futile. The remand recommended here is to have the ALJ declare that plaintiff could perform light (as opposed to sedentary) work; that declaration need not require obtaining (or amplifying existing) medical records from treating sources.

## CONCLUSION

For the foregoing reasons, this Court recommends that the decision of the Commissioner be **REVERSED** and this matter be **REMANDED** for further administrative proceedings. Defendant's motion for judgment on the pleadings (Docket No. 13) should be **DENIED** and plaintiff's motion for similar relief in her favor (Docket No. 10) should be **GRANTED**.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy to the Report & Recommendation to all parties.

**Any objections to this Report & Recommendation *must* be filed with the Clerk of this Court *within fourteen (14) days* after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b) and W.D.N.Y. Local Civil Rule 72.3(a). <u>Failure to file objections to this report & recommendation within the specified time or to request an extension of such time waives the right to appeal any subsequent district court's order adopting the recommendations contained herein.</u>** <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>F.D.I.C. v. Hillcrest Associates</u>, 66 F.3d 566 (2d Cir. 1995); <u>Wesolak v. Canadair Ltd.</u>, 838 F.2d 55 (2d Cir. 1988).

The District Court on *de novo* review will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance.  See <u>Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co.</u>, 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y. Local Civil Rule 72.3(a)(3), "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 72.3(a)(3) may result in the District Court's refusal to consider the objection.**

So Ordered.

*s/Hugh B. Scott*
Hon. Hugh B. Scott
United States Magistrate Judge

Buffalo, New York
October 13, 2016