UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

────────────────────────────────

BONNIE CROSS,

                    Plaintiff,

        -vs-                          **No. 1:15-CV-00878 (MAT)**
                                      **DECISION AND ORDER**
CAROLYN W. COLVIN, ACTING
COMMISSIONER OF SOCIAL SECURITY,
                    Defendant.



────────────────────────────────

I.    **Introduction**

        Represented by counsel, Bonnie Cross ("plaintiff") brings this

action pursuant to Titles II and XVI of the Social Security Act

("the Act"), seeking review of the final decision of the

Commissioner of Social Security ("the Commissioner") denying her

applications for disability insurance benefits ("DIB") and

supplemental security income ("SSI"). The Court has jurisdiction

over this matter pursuant to 42 U.S.C. § 405(g). The matter was

initially before the Court on the parties' cross motions for

summary judgment.[1] The parties' motions were referred to Magistrate

Judge Hugh B. Scott for consideration of the factual and legal

issues presented, and to prepare and file a Report and

Recommendation ("R&R") containing a recommended disposition of the

issues raised.

────────────────

        [1] This case was originally assigned to Judge Richard Arcara, who referred
it to Magistrate Judge Scott for a Report and Recommendation, which was completed
and filed on October 13, 2016. The case was referred to this Court by order dated
November 8, 2016.

By R&R dated October 13, 2016, Magistrate Judge Scott found that the ALJ failed to properly explain his RFC finding, and therefore recommended that this case be remanded for further consideration. Doc. 14. The Commissioner filed Objections on October 17, 2016. Doc. 15. For the reasons set forth below, the Court adopts the R&R in its entirety.

## II.  Procedural History

The record reveals that in October 2012, plaintiff (d/o/b January 21, 1962) applied for DIB and SSI, alleging disability as of May 2, 2003. After her applications were denied, plaintiff requested a hearing, which was held before administrative law judge Donald T. McDougall ("the ALJ") on April 4, 2014. The ALJ issued an unfavorable decision on May 12, 2014. The Appeals Council denied review of that decision and this timely action followed.

## III. Report and Recommendation

The R&R recommended that the case be remanded for further consideration, finding that the ALJ failed to properly explain his finding that plaintiff retained the residual functional capacity ("RFC") to perform less than a full range of light work. Specifically, the ALJ gave "great" weight to the consulting opinion of Dr. Samuel Balderman, but did not explain how Dr. Balderman's findings of "moderate" limitations in repetitive bending, lifting, prolonged standing, and prolonged sitting supported the RFC finding. Relying on Carroll v. Colvin, 2014 WL 2945797, *4 (W.D.N.Y. June 30, 2014), the R&R noted that although a finding of

2

"moderate" limitations in these areas can support a finding of light work, the ALJ must "discuss and provide reasons tending to support the finding that, despite the moderate limitations . . . [the plaintiff] could still perform light work." The R&R rejected plaintiff's argument that the ALJ failed to develop the record by obtaining a treating source opinion and declined to recommend remand on that basis.

The Commissioner filed Objections to the R&R, arguing that the Court should not accept the R&R's recommendation to remand for further proceedings.

## IV. Discussion

When reviewing a magistrate judge's report and recommendation, a district court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made[,]" 28 U.S.C. § 636(b), and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge[.]" Id.

The Commissioner objects to the R&R, contending that the ALJ adequately explained how his RFC finding related to Dr. Balderman's opinion of "moderate" limitations. As noted above, the ALJ gave "great" weight to Dr. Balderman's opinion that plaintiff had moderate limitations in repetitive bending, lifting, prolonged standing, and prolonged sitting, all due to sciatica. See doc. 7 at 24. The ALJ found that plaintiff retained the RFC "to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b) except

[she] must be able to change positions briefly for 1 to 2 minutes at least every 1/2 hour; no ladders, ropes or scaffolds; no more than occasional balancing or stooping; no kneeling, crouching, or crawling; no work at heights or around dangerous moving machinery; and no requirement to use foot pedals." Id. at 21-22.

The Commissioner contends that remand would serve no purpose because the ALJ already fully explained his determination. After a review of the record, the Court disagrees. The ALJ issued a detailed RFC finding, and although he summarized the medical evidence in the administrative record, he did not explain how his detailed RFC finding related to the medical evidence or, more importantly, how it comported with Dr. Balderman's opinion of moderate limitations. It is not clear from the decision whether the ALJ simply relied on his own lay judgment or whether he relied on Dr. Balderman's opinion in formulating his RFC finding.

Dr. Balderman opined that plaintiff would have moderate limitations in prolonged sitting and standing, but the ALJ found that plaintiff merely required the ability to "change positions briefly for 1 to 2 minutes at least every 1/2 hour." Id. at 22. It is apparent, as the R&R found, that this RFC finding could easily be inconsistent with moderate limitations in prolonged sitting or standing. Therefore, the ALJ failed to provide the required explanation of his RFC finding. See Carroll, 2014 WL 2945797, at *4 (citing SSR 06-3p). The Court thus agrees with the R&R's recommendation to remand this case for further proceedings, which

should include a thorough explanation of how Dr. Balderman's opinion of moderate limitations in repetitive bending, lifting, prolonged standing, and prolonged sitting are consistent with the ALJ's RFC finding on remand. The Court therefore adopts the R&R in its entirety.

## V.    Conclusion

For the reasons discussed in this Decision and Order as well as those set forth in the R&R, the Commissioner's motion for judgment on the pleadings (Doc. 13) is denied and plaintiff's motion (Doc. 10) is granted to the extent that this matter is reversed and remanded for further administrative proceedings. The Clerk of the Court is directed to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**

**S/Michael A. Telesca**

HON. MICHAEL A. TELESCA
United States District Judge

Dated:     November 11, 2016
           Rochester, New York.